UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEALER COMPUTER SERVICES, INC.,

                      Plaintiff,                    Case No. 11-11533

v.                                                   Hon. Gerald E. Rosen

SCARSDALE FORD LINCOLN-MERCURY,
INC.,

                      Defendant.

_____/

## OPINION AND ORDER REGARDING ARBITRATION AWARD

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on  August 9, 2011

                 PRESENT:   Honorable Gerald E. Rosen
                                  Chief Judge, United States District Court

### I. INTRODUCTION

Plaintiff, Dealer Computer Services, Inc., seeks confirmation of an arbitration award it was granted on January 26, 2011, pursuant to 9 U.S.C. § 9. Defendant, Scarsdale Ford Lincoln-Mercury, does not contest the award; rather, Defendant argues that the amount of interest Plaintiff seeks is beyond the terms of the award. On April 11, 2011, Plaintiff filed the present motion to confirm the award, and Defendant filed its response on May 11, 2011.

Having reviewed and considered the parties' briefs and supporting exhibits, and the entire record of this matter, the Court finds that the pertinent facts and legal contentions are sufficiently presented in these materials, and that oral argument would not assist in the resolution of this matter. Accordingly, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will decide Defendant's motion "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

Plaintiff, Dealer Computer Services, Inc. ("DCS"), is a Delaware corporation with its principal place of business in Houston, Texas. DCS entered into a service contract with Defendant, Scarsdale Ford Lincoln-Mercury, Inc., ("Scarsdale"), a New York Corporation with its principal place of business in Scarsdale, New York, to service and update Defendant's computer system. The parties' contract mandated arbitration for any and all disputes related to the contract.

On January 26, 2011, DCS secured an arbitration award against Scarsdale. The award, in pertinent part, reads as follows:

> 1. Respondent [Scarsdale] shall pay to Claimant [DCS] the principal sum of THIRTY-NINE THOUSAND, FOUR HUNDRED FIFTY DOLLARS and NO CENTS ($39,450.00) plus interest at Michigan's legal rate from January 1, 2008, until said sum is paid in full.
>
> 2. In addition, [Scarsdale] shall pay to [DCS] the sum of FORTY-SIX THOUSAND, ONE HUNDRED TWENTY-SIX DOLLARS and NO CENTS ($46,126.00) pursuant to Section 12 of the Agreement.

2

> 3. The administrative fees of the American Arbitration Association totaling $4,300.00 shall be borne by the parties as incurred and the compensation and expenses of the Arbitrators totaling $51,882.26 shall be borne by the parties equally. Therefore, [Scarsdale] shall reimburse [DCS] the sum of $25,941.13, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by [DCS].
>
> 4. This Award is in full and complete settlement and satisfaction of any and all claims, counterclaims, defenses and off-sets properly within the jurisdiction of these proceedings, and any claim or counterclaim not specifically granted herein is nonetheless deemed DENIED.

(Plaintiff's Complaint, Exhibit 1 at 4.) Section 12 of the agreement, as referenced in paragraph 2 of the award, reads, "[Scarsdale] agrees to reimburse [DCS] for any and all expenses [DCS] may incur, including reasonable attorneys' fees, in collection of amounts due under this Agreement and in taking any of the foregoing actions." (Plaintiff's Complaint, Exhibit 2-1 at 13.)

Plaintiff asks this Court to confirm the arbitration award, pursuant to 9 U.S.C. § 9, in the amount of $111,517.13, plus interest at a rate of 3.5%, compounded annually, from January 1, 2008 until the award is satisfied. (Plaintiff's Complaint at ¶ 11.) Plaintiff also seeks attorney fees, costs, and expenses incurred in connection with the arbitrators' fees and this present motion. (*Id.* at ¶ 13.)

Defendant objects to Plaintiff's claim for interest on the award and compounded interest, as Defendant claims both requests are beyond the scope of what the arbitration panel awarded. Defendant argues that no award for 3.5% compounded interest was provided and that the award is, in fact, silent as to the compounding of interest.

Defendant also argues that interest should only be applied to the $39,450.00 sum in Section 1, as that is the only place the arbitration panel assessed interest.

Defendant further claims that any additional fees, costs, and expenses are also beyond the scope of the award. Defendant argues that the $46,126.00 awarded in Section 2 of the award covers any and all fees due to Plaintiff. Thus, according to Defendant, any additional judgment would exceed the award granted by the arbitration panel.

### III. ANALYSIS

**A. Plaintiff is only entitled to interest for Section 1 of the arbitration award**

Pursuant to 9 U.S.C. § 9, this Court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [U.S.C. title 9]." Neither party seeks a vacation, modification, or correction of the award. Thus, this Court must order the award as it was decided by the arbitration panel. Further, "the Michigan Supreme Court held that a judicial authority may not tamper with an arbitration award by either adding interest when none is awarded or striking an interest award when one is conferred by the arbitrators." *R.D. Management Corp. v. Philadelphia Indemnity Insurance Co.*, 302 F.Supp.2d 728, 734 (E.D. Mich. 2004) (citing *Gordon Sel-Way, Inc. v. Spence Brothers, Inc.*, 438 Mich. 488, 498 (1991)).

Here, the arbitration panel clearly awarded Plaintiff interest in Section 1 of the award. The arbitration panel did not, however, grant Plaintiff interest in Sections 2 or 3 of the award. Therefore, Plaintiff is only entitled to interest for the damages awarded in

4

Section 1 of the award, and Plaintiff will not be awarded interest on any of the damages listed in Sections 2 or 3.

**B.      M.C.L. § 438.7 and M.C.L. § 600.6013 dictate the applicable interest rate**

Under M.C.L. § 438.7, prejudgment interest at 5% per annum "commences on the date the arbitration award is rendered. *Sel-Way*, 438 Mich. at 498-504. This rate is ascertained "by incorporating the 'legal rate' provided under M.C.L. § 438.31." *Id.* at 505. "The interest of money shall be at the rate of $5.00 upon $100.00 for a year." M.C.L. § 438.31. However, "M.C.L. § 600.6013 … governs the award of interest from the date a complaint is filed [with this Court] until judgment is satisfied." *Id.* at 504. Thus, under M.C.L. § 438.31, Plaintiff is entitled to 5% per annum for the Section 1 damages from January 1, 2008, until the filing of Plaintiff's complaint with this Court on April 11, 2011. *See id.*

M.C.L. § 600.6013 governs the interest rate since April 11, 2011. M.C.L. § 600.6013(8) reads:

> Except as otherwise provided in subsections (5) and (7) and subject to subsection (13), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. The amount of interest attributable to that part of the money judgment from which attorney fees are paid is retained by the plaintiff, and not paid to the plaintiff's attorney.

5

The exceptions in subsections (5) and (7) do not apply to this action.  Thus, Plaintiff's damages from April 11, 2011, until the judgment is satisfied, are measured by the formula set forth in M.C.L. § 600.6013(8).  A document issued by the State Treasurer, dated January 1, 2011, provides, in part, as follows: "Pursuant to the above requirements [M.C.L. §§ 600.6013 and 600.6455], State Treasurer of the State of Michigan, hereby certifies that 1.553% was the average interest rate paid at auctions of 5-year United States treasury notes during the six months immediately preceding January 1, 2011." *See* Historical and Statutory Notes to M.C.L. § 600.6013.  Therefore, Plaintiff is entitled to 1% plus 1.553%, for a total of 2.553% interest, from April 11, 2011, until judgment is satisfied.

**C.     Plaintiff is not entitled to any more attorney fees or costs**

Section 4 of the arbitration award clearly states that the award is "in full and complete settlement and satisfaction of any and all claims, counterclaims, defenses and off-sets properly within the jurisdiction of these proceedings, and any claim or counterclaim not specifically granted herein is nonetheless deemed DENIED." (Plaintiff's Complaint, Exhibit 1 at 4.)  Further, Section 2 of the award is specifically provided to cover Section 12 of the contract, namely, attorney fees and costs.  This court may not modify an arbitration award.  *See* 9 U.S.C. § 9.  Therefore, this Court cannot grant damages in excess of the damages contemplated by the arbitration panel.

**IV.  CONCLUSION**

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the principal amounts in the January 26, 2011 arbitration award are CONFIRMED.

IT IS FURTHER ORDERED that Plaintiff is entitled to an annually compounded interest rate of 5% from January 1, 2008, until April 11, 2011, for the $39,450.00 set forth in Section 1 of the arbitration award.

IT IS FURTHER ORDERED that Plaintiff is entitled to an interest rate of 2.553% from April 11, 2011, until judgment is satisfied for the sum of $39,450.00 plus the prejudgment interest at 5%.

S/Gerald E. Rosen
Chief Judge, United States District Court

Dated: August 9, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2011, by electronic and/or ordinary mail.

S/Johnetta Curry Williams for Ruth A. Gunther
Case Manager